## Case No. 17,221.

### The WASHINGTON.

[4 Blatchf. 101.] [1]

Circuit Court, S. D. New York. Sept. 25, 1857. [2]

FORFEITURE OF VESSEL — VIOLATION OF REVENUE LAWS—DEFECTIVE LIBEL.

1. A libel of information against a vessel, to procure her forfeiture for a violation of the revenue laws, must aver that she has been seized for the offence, and that the seizure still subsists.

2. The seizure is a jurisdictional fact, and the absence from the libel of any averment of such seizure is a defect of which advantage may be taken at any stage of the cause.

3. Libel dismissed, for want of such averment.

[Appeal from the district court of the United States for the Southern district of New York.]

This was a libel of information, filed in rem, by the United States, in the district court, against the steamship Washington, to procure her forfeiture for a violation of the revenue laws. The Ocean Steam Navigation Company intervened, as claimants of the vessel, and excepted to the libel, on the ground that it contained no averment that the vessel was seized within the Southern district of New York, or was arrested on the high seas and brought into this district, and that it did not show any cause of action within the jurisdiction of the court. On the hearing of the exceptions to the libel, the district court (Judge Ingersoll) held, that the court had jurisdiction, and overruled the exceptions, giving leave to the claimants to answer. An answer was put in, denying the facts alleged in the libel as ground of forfeiture, and also insisting that the court had no jurisdiction of the case. To this answer there was a replication. On the trial of the issue of fact thus joined, the district court (Judge Hall) held, that it had no jurisdiction, for the want of proper averments in the libel, of the seizure of the vessel within the district, as required to give jurisdiction, giving leave, however, to the proctor for the libellants to amend the libel in the respects held defective. The proctor refused to amend, and an absolute decree dismissing the libel was entered. [Case No. 17,222.] The libellants appealed from that decree.

1 [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]
2 [Affirming Case No. 17,222.]

Philip J. Joachimssen, Asst. Dist. Atty., for libellants.

Francis B. Cutting, for claimants.

## Case No. 17,222.

### The WASHINGTON.

[17 Law Reporter, 497.]

District Court, S. D. New York. 1855. [1]

REVENUE LAWS — DEMURRER TO LIBEL — FORFEITURE OF VESSEL FOR SMUGGLING—NECESSITY OF PRIOR SEIZURE.

1. To authorize any district court of the United States to adjudicate upon a cause of forfeiture of a ship, such ship must be within the jurisdictional limits of the court which is called upon to act, and subject to, and within the reach and under the control of, the process of such court. And such ship must be taken possession of, or seized by the process of the court. And to give such court jurisdiction to adjudicate upon the cause of forfeiture, the first seizure or taking possession, by some one having legal authority, must be made within the limits of the district in which the court is established, before such court can adjudicate upon such cause of forfeiture, unless the first seizure is made upon the high seas, in which case the ship must be brought within such limits.

2. By "seizure," in the 9th section of the act of congress of 1799 (1 Stat. 76), is meant any taking possession of the thing forfeited by virtue of a warrant, or other legal authority, for the purpose of enabling the proper court to

1 [Affirmed in Case No. 17,221.]

inquire into, and to adjudicate upon, the cause of forfeiture.

3. It is necessary that there should be a seizure before the court can adjudicate upon the cause of forfeiture. And a seizure by the marshal, upon a warrant issued by the court, is sufficient to enable the court so to adjudicate, unless there has been a prior legal seizure in some other district, or a seizure on the high seas, and the property brought into some other district. A seizure by a custom-house officer is not an essential prerequisite to give the court authority judicially to inquire into the cause of forfeiture. A seizure by the marshal, under his warrant of seizure, is sufficient. Sed vide The Silver Spring [Case No. 12,858].

4. Where some of the counts in a libel for a forfeiture under the 50th section of the act of 1799 (1 Stat. 665) alleged the value of the goods unladen to be less than four hundred dollars, such counts were *held* insufficient.

In admiralty.

Mr. Joachimson, for the United States.
Owen, Betts & Vose, for claimants.

INGERSOLL, District Judge. This libel is filed to enforce a forfeiture claimed to have been incurred by the steamship Washington, by a violation of the fiftieth section of the act of congress regulating the collection of duties on imports and tonnage, approved the 2d of March, 1799. Upon the filing of the libel a warrant of seizure issued, directed to the marshal, by virtue of which he, within the limits of his district, attached the ship, and the same is now holden to respond to the charges in the libel set forth. There are two exceptions taken to the libel; one going to the whole of it, and the other going to particular portions of it. In one it is claimed that the libel is wholly insufficient, and that the court has no jurisdiction of the same, in the other that certain counts in the libel contained are insufficient, and show no cause of forfeiture of the ship. I will consider these exceptions in the order above set forth.

By the fiftieth section of the act of congress of the 2d of March, 1799 (1 Stat. 665), upon which the libel is founded, it is provided that no goods brought in any ship from a foreign port shall be unladen without a permit from the collector and naval officer; and if any such goods shall be so unladen, they shall be forfeited, and may be seized by any of the officers of the customs. And when the value thereof, according to the highest market price of the same at the port or district where landed, shall amount to $400, the vessel, her tackle, apparel and furniture, shall be subject to like forfeiture and seizure. By the 9th section of the judiciary act of 1799 (1 Stat. 76), it is provided that the district courts of the United States shall have exclusive original cognizance of all civil causes of admiralty and maritime jurisdiction, including all seizures under laws of imports, navigation, or trade, of the United States, where the seizures are made on waters which are navigable from the sea by vessels of ten or more tons burden, within their respective districts, as well as upon the high seas.

In the libel it is represented to the court that the steamship Washington, at the city of New York, within the Southern district of New York, on waters navigable from the sea by vessels of ten or more tons burden, and within the jurisdiction of this court, in consequence of certain acts therein set forth, and committed at the port of New York, had become forfeited to the United States. And the prayer of the libel is, in substance, that she may, in such Southern district of New York, be seized by virtue of a warrant in the libel prayed for, in order that it may by the court be judicially determined whether such forfeiture has been incurred. There is no allegation in the libel that the ship had been seized by any custom-house officer, or by any other person invested with legal authority. The prayer, in substance, is, that she may be seized by virtue of a warrant issued by the court, and held to answer the charges in the libel contained. And, in pursuance of that prayer, a warrant of seizure was issued by the court, directed to the marshal, by virtue of which he (the marshal), within the limits of his district, took the possession and custody of the ship.

The exception taken is, that, prior to the filing of the libel, the ship had not been seized by any one having legal authority to seize; that prior to that time she had not been taken possession of by any one having legal authority to take possession of her; that although sufficient facts are set forth in the libel to cause a forfeiture of the ship, that forfeiture cannot be enforced, for the reason that, for that forfeiture, the ship, prior to the filing of the libel, had not been seized by any custom-house officer; that unless there was such a seizure, or taking possession of the ship, prior to the filing of the libel, by some one having legal authority, the court has no legal power to act, either in granting a warrant to seize, or in adjudicating upon the question of forfeiture after such warrant of seizure shall have been issued and served; that a seizure under such process, when there has been no prior seizure without process, is void, conferring no right; and giving the court which issues the process, and under and by virtue of which the seizure or taking possession is had, no power to judicially investigate the cause of forfeiture in the libel set forth. It is very clear, that where a sufficient cause of forfeiture exists against a ship, that cause of forfeiture cannot be judicially investigated and adjudicated upon by every district court in the United States. To authorize any district court to adjudicate upon such cause of forfeiture, such ship must be within the jurisdictional limits of the court which is called upon to act, and subject to and within the reach and under the control of the process of such court; and such ship must be taken possession of or seized by the process of the court. And to give such court jurisdiction to adjudicate upon the cause of forfeiture, the first seizure or taking possession, by some one having legal authority, must be made within the limits of the district in which the court

is established, before such court can adjudicate upon such cause of forfeiture, unless the first seizure is made upon the high seas, in which case the ship must be brought within such limits. The decisions upon this question are full and satisfactory. The Abby [Case No. 14]; Keene v. U. S., 5 Cranch [9 U. S.] 304; The Little Ann [Case No. 8,397]; The Octavia [Id. 10,422].

It being thus established, where the seizure or taking possession of the ship by legal authority is not upon the high seas, there must be a seizure or taking possession by legal authority, and a right to make such seizure within the jurisdictional limits of the court, before the court can adjudicate upon the cause of forfeiture, and that that seizure must be the first seizure; the question is presented, What is a sufficient seizure of the ship to enable the court to inquire into and adjudicate upon the question of forfeiture? When a custom-house officer seizes under the power given him by the 50th section of the act of 1799, he only does it for the purpose of holding the property seized until it can be taken possession of by the marshal, by virtue of the warrant of seizure which issues upon the filing of the libel. When the marshal seizes by virtue of the warrant which issues, then the possession of the custom-house officer is divested, and the marshal takes possession by virtue of his warrant of seizure. Ex parte Hoyt, 13 Pet. [38 U. S.] 279. If, as has been contended by the respondents, the right of the court to adjudicate is dependent upon a prior act of seizure by a custom-house officer, then if, for any cause, congress should take away the right of a custom-house officer to seize, which he now has by virtue of the 50th section of the act of 1799, so that the section above referred to should provide only that the ship for the causes in such section mentioned, should be forfeited to the United States, it would follow, in such an event, that no proceedings could be had before any court to enforce such forfeiture. By seizure, in the 9th section of the act of congress. of 1799, mentioned, is meant any taking possession of the thing forfeited by virtue of a warrant, or other legal authority, for the purpose of enabling the proper court to inquire into and to adjudicate upon the cause of forfeiture. By the court's ordering a warrant of seizure to issue. it does not adjudicate upon the question of forfeiture. By so doing, it only takes a step to enable it so to adjudicate.

The supreme court of the United States, in the case of Ex parte Hoyt, 13 Pet. [38 U. S.] 279, speaks of the act of the marshal in taking possession of the property libelled, under and by virtue of the warrant of attachment, as a seizure of the property: "As soon as the marshal seizes the same goods, under the proper process of his court." &c. And Judge Livingston, in the case of The Little Ann [supra], remarks. "That (in that case) it is not necessary to inquire whether a libel may not in some cases be filed, without a previous seizure, because a seizure is here stated, which it is ad-

mitted was not within this district nor on the high seas;" thereby strongly intimating that it could. The only object of a seizure by a custom-house officer is, that the property may be taken possession of, or seized by the marshal, under and by virtue of the process issued by the court. It is necessary that there should be a seizure before the court can adjudicate upon the cause of forfeiture. And a seizure by the marshal, upon a warrant issued by the court, is sufficient to enable the court so to adjudicate, unless there has been a prior legal seizure in some other district, or a seizure on the high seas, and the property brought into some other district. A seizure by a custom-house officer is not an essential prerequisite, to give the court authority judicially to inquire into the cause of forfeiture. A seizure by the marshal under his warrant of seizure is sufficient. I come to this conclusion the more readily, as it seems to have been a common practice among the district attorneys for this district to frame libels for forfeitures, without alleging any prior seizure by a custom-house officer.

The other exception is to the sufficiency of certain counts in the libel contained. By the fiftieth section of the act of 1799. the ship is not forfeited, unless the goods unladen without a permit are of the value of four hundred dollars. In some of the counts of the libel the value of the goods unladen is said to be of a less value than four hundred dollars. Such counts of the libel therefore, as allege the value of the goods unladen to be less than four hundred dollars, must be adjudged to be insufficient. The exception as to such counts is well taken.

The judgment of the court, therefore, is, that the court has jurisdiction of the case; that the libel is sufficient, except those counts thereof in which it is alleged that the value of the goods unladen was less than four hundred dollars, and that such counts be adjudged to be insufficient.

[The case was subsequently taken on appeal to the circuit court, where the decree was affirmed. Case No. 17,221.]